393 P.2d 261

**ROYAL INDEMNITY COMPANY OF NEW YORK, a corporation, Appellant,**

v.

**BUSINESS FACTORS, INCORPORATED, a corporation, Appellee,**

Aweco Supply Company, Division of Savage Industries, Inc., a corporation, Intervenor-Appellee.

No. 7234.

Supreme Court of Arizona.

In Division.

June 10, 1964.

Chandler, Tullar, Udall & Richmond, Tucson, for appellant.

Wilson & Books, Tucson, by Sophie Silverstone, Tucson, for appellees.

BERNSTEIN, Justice.

Appellant bonding company was defendant in the superior court in an action to impose liability arising out of the issuance of two contractor's license bonds. Summary judgment was granted against the bonding company and it appeals that judgment.

This action was begun by Business Factors, Inc., a materialman, against Royal Indemnity Company which had issued two bonds in connection with the licenses of Austad Steel Co., Inc. Aweco Supply Company, another materialman, intervened in the action as an additional plaintiff to protect its claim.

Austad held two contractor's licenses, Class A, General Engineering, and Class B, General Building, Heavy Construction. The bonds were required by A.R.S. § 32–1152 as a condition precedent to the issuance of the licenses by the Registrar of Contractors, and were accepted by him. Both bonds were originally issued on July 1, 1958, and were renewed on July 1, 1959, when the licenses were also renewed. Materialmen's claims are covered by these bonds. United States Fidelity and Guaranty Co. v. Hirsch, 94 Ariz. 331, 385 P.2d 211.

Austad was adjudicated a bankrupt in federal court on May 3, 1960. Material-

men's claims, in excess of the amount of the bonds were unpaid. Business Factors' claim is based on the 1958 bonds, and Aweco's on the 1959 bonds.

A.R.S. § 32–1152 was amended in 1961, but we are not concerned with the present section, since all the transactions relevant to this case took place before the effective date of the amendment.

The two bonds are for $2,000, and they both contain the following provisions:

"2. That this bond shall be deemed continuous in form and shall remain in force and effect during the entire time the Principal is licensed unless and until terminated or cancelled in the manner hereinafter provided.

"3. That the total aggregate liability of the Surety herein for all claims which may arise under this bond shall be limited to the sum hereinabove stated, provided, however, that upon any demand or claim against the bond, the Surety shall give notice to the Registrar of Contractors, by registered mail, of any such demand or claim and of any judgment, recovery or settlement made prior to the payment thereof, and provided further, that this bond may be sued upon in successive actions until the whole of said sum is exhausted."

Summary judgment was granted by the trial court against the bonding company in favor of both plaintiffs for $4,000 each for the liability accruing for the two years 1958 and 1959 for a total judgment of $8,000. The bonding company contends that the limit of its liability under both bonds is $4,000, or $2,000 for each bond, regardless of the fact that they had been renewed and were both in force for two years.

The only issue in this case is: Was the trial court correct in holding that the liability of the bonding company on its bonds was a new and independent obligation beginning and ending with each year of issuance at the effective date of a contractor's license to the principal, and was not a continuing single obligation relating back to the original issuance of the bonds?

■■ The language of the bonds themselves would appear to support the bonding company's view. In the case of a bond required by statute, however, the obligation of a bonding company is determined by the statute, and not by the wording of the bond. Commercial Standard Insurance Co. v. West, 74 Ariz. 359, 249 P.2d 830; Porter v. Eyer, 80 Ariz. 169, 294 P.2d 661; Employers Liability Assurance Corporation v. Lunt, 82 Ariz. 320, 313 P.2d 393.

Prior to the 1961 amendment A.R.S. § 32–1152 provided:

"A. The bonds as prescribed by this chapter shall run to the state and shall be in amounts fixed by the following schedule:

1. Application fee for an *original* license and *renewal* license fee for a license for the branches of any division thereof of general engineering contracting and general building contracting shall be accompanied by a surety bond in an amount not more than ten thousand dollars and not less than two thousand dollars. The amount of the bond applicable to each division of these classifications within these limits shall be established for each division by the registrar." (Emphasis added.)

The statute contemplates an original license for one year with annual renewals, with a bond to accompany each original license and each renewal. The statute may be complied with either by furnishing a new bond on renewal of the license or renewing an existing bond. The fact that Austad, the bankrupt contractor, chose to continue to do business with his original bonding company does not decrease the protection to the public for each year as required by the statute.

█ Where the state sets up an annual licensing system, and requires a bond for the protection of the public, the bonds must be construed as giving protection for their full face amount for each year that they are in force, and any provision in the bond attempting to limit this liability is a nullity.

Jaeger Mfg. Co. v. Massachusetts Bonding & Ins. Co., 229 Iowa 158, 294 N.W. 268; United States Fidelity & Guaranty Co. v. Long, 214 F.Supp. 307, 318 (D.C.Ore.1963); Metropolitan Casualty Co. of New York v. Billings, 150 Conn. 603, 192 A.2d 541 (1963).

On the precise point Chief Justice Baldwin said in Metropolitan Casualty Co. of New York, supra:

" * * * The legislature could hardly have intended such inadequate protection for the public. When the statutory provisions requiring the posting of a bond by each applicant for a license (General Statutes § 20–315), making the posting of a bond a condition precedent to the issuance of any license (General Statutes § 20–316), and making it necessary to renew annually any license issued (General Statutes § 20–314) are read together, as they must be, the legislative intent that the bond carry an annually cumulative liability is obvious. Any other interpretation would defeat the purpose of this remedial legislation."

The judgment is affirmed.

LOCKWOOD, V. C. J., and STRUCK-MEYER, J., concurring.