761 P.2d 155

**CASHWAY CONCRETE & MATERIALS, an Arizona corporation, Plaintiff/Appellee/Cross–Appellant,**

v.

**SANNER CONTRACTING CO., an Arizona corporation, Plaintiff/Appellant/Cross–Appellee,**

and

**Jack Compton Development, Inc.; Superstition Country Resort, an Arizona limited partnership; The Chase Bank, Defendants/Appellants/Cross–Appellees.**

No. 2 CA–CV 88–0091.

Court of Appeals of Arizona, Division 2, Department B.

March 31, 1988.

Review Denied Oct. 4, 1988.*

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

Jennings, Kepner & Haug by Curtis A. Jennings and Mark E. Barker, Phoenix, for plaintiff/appellee/cross-appellant Cashway Concrete & Materials.

Kunz & Waugh by Donald R. Kunz and Suzanne P. Clarke, Phoenix, for plaintiff/appellant/cross-appellee Sanner Contracting Co.

Jennings, Strouss & Salmon by Glenn J. Carter, Phoenix, for defendants/appellants/cross-appellees Jack Compton Development, Inc. and Superstition Country Resort.

Burch & Cracchiolo by Marigene A. Dessaint, Phoenix, for defendant/appellant/cross-appellee The Chase Bank.

## OPINION

LIVERMORE, Presiding Judge.

In this appeal from a judgment of foreclosure of a materialman's lien, appellants question the validity of the lien, the sufficiency of the evidence of the reasonable value of the materials furnished, and the award of prejudgment interest. Plaintiff's cross-appeal seeks an award of attorney's fees against the owners under A.R.S. § 12–341.01.

Defendant Superstition Country Resort, through its general partner, defendant Jack Compton Development, Inc., entered into a contract with Sanner Contracting Co. for improvements to Superstition's recreational vehicle development. Sanner subcontracted concrete work to J.L. Willis & Son, Inc. Plaintiff Cashway Concrete & Materials supplied concrete to Willis. When Willis failed to pay for the concrete, this action followed.

It is first argued that the lien was invalid because the preliminary twenty-day notice required by A.R.S. § 33–992.01 was not served on Sanner. That section, however, permits service on the "reputed contractor." It was undisputed below that an employee of Compton told Cashway that Compton was the original contractor. Service on Compton, therefore, was service on the reputed owner when reasonable inquiry had been made. See *Williams v. A.J. Bayless Markets, Inc.*, 13 Ariz.App. 348, 476 P.2d 869 (1970). The statement of the Compton employee is not hearsay because it was not offered to prove that Compton was the contractor but that Cashway had reason to believe it was. See M. Udall & J. Livermore, *Arizona Practice: Law of Evidence* § 122 (2d ed. 1982).

The oral agreement between Cashway and Willis provided for a unit price of $47.85 per cubic yard to be discounted by 19% to $38.75 if payment was made promptly. The court awarded $47.85. In this, it erred. A materialman may have a lien only for the reasonable value of the materials furnished. The price to be charged is evidence of that value. *Lenslite Co. v. Zocher*, 95 Ariz. 208, 388 P.2d 421 (1964). But in this agreement the price to be paid was $38.75. Reasonable value does not include Draconian contract terms designed to coerce prompt payment. The value of the materials does not increase almost 25% because a party is one day late in payment.

Appellants' remaining claims may be dealt with summarily. There was sufficient evidence to establish that Cashway's lien was timely filed. *Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 561 P.2d 750 (App.1977). The contract terms were adequately described in the lien notice and the evidence established that both Compton and Sanner had knowledge of these terms at that time. See *Peterman–Donnelly Engineers & Contractors Corp. v. First National Bank*, 2 Ariz.App. 321, 408 P.2d 841 (1965). Finally, we believe that Cashway's claim was liquidated so as to support an award of prejudgment interest.

On plaintiff's cross-appeal, we conclude that its action against those charged with the lien does not arise out of contract. While a breach of the contract between plaintiff and Willis is a factual predicate to the action, it is not the essential basis of it. Both issues litigated in this case, the validity of the lien and the reasonable value of the material provided, are wholly separate from the contract. They relate to a statutory remedy designed to protect materialmen from those who do not pay their bills. That remedy stands apart from the contract remedy. It exists against those who are foreign to the contract. The action, therefore, does not arise out of the contract. See *Barmat v. John & Jane Doe Partners*, 155 Ariz. 519, 747 P.2d 1218 (1987); *Morris v. Achen Construction Co.*, 155 Ariz. 512, 747 P.2d 1211 (1987); *Lewin v. Miller–Wagner & Co.*, 151 Ariz. 29, 725 P.2d 736 (App.1986); *Cauble v. Osselaer*, 150 Ariz. 256, 722 P.2d 983 (App.1986).

The judgment is modified to award only $38.75 per cubic yard and, as modified, is affirmed.

ROLL and FERNANDEZ, JJ., concur.