842 P.2d 1370

**MARICOPA TURF, INC., an Arizona corporation, dba Western Sod, Plaintiff–Appellee,**

v.

**SUNMASTER, INC., dba Sun General Construction, an Arizona corporation; the Hartford Accident and Indemnity Company, a foreign corporation, Defendants–Appellants.**

No. 1 CA–CV 91–0061.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 3, 1992.

Fitzgibbons Law Offices by Robert M. Yates, Casa Grande, for plaintiff-appellee.

Greengard & Finley, P.A. by Patricia J. Finley, Phoenix, for defendants-appellants.

## OPINION

TOCI, Judge.

A general contractor and its surety appeal from the grant of summary judgment enforcing a materialman's claim against the general contractor's payment bond.

The general contractor posted the payment bond in connection with a school district construction project. The principal issue is whether a reference in the payment bond to the Little Miller Act incorporates the notice provisions of that Act and supersedes the otherwise applicable notice provisions of the State Board of Education Procurement Rules. A related issue is whether a materialman's notice of claim against a payment bond, mailed within the ninety-day claim period but received by the contractor after the expiration of such period, substantially complies with the State Board of Education Procurement Rules.

The trial court granted summary judgment for the materialman after finding the notice of claim given by the materialman, Maricopa Turf, Inc., dba Western Sod ("Turf"), complied with the Little Miller Act. Appellants Sunmaster, Inc. dba Sun General Construction ("Sunmaster") and The Hartford Accident and Indemnity Company ("Hartford") argue that the trial court erred in applying the notice provisions of the Little Miller Act to Sunmaster's payment bond. They argue that the payment bond is governed by the Arizona Procurement Code ("the Procurement Code")[1] and not the Little Miller Act. Appellants also assert that the trial court erred in denying their motion for summary judgment and in awarding attorney's fees to Turf.

We hold that: (1) the bond reference to the Little Miller Act is not controlling; instead, the State Board of Education Procurement Rule applies, and (2) Turf did not substantially comply with the notice provisions of the Procurement Rule because the general contractor did not receive either the twenty-day or the ninety-day notice within the applicable time periods. Therefore, Turf's claim against Sunmaster's payment bond is not valid. Accordingly, we reverse the summary judgment for Turf and remand for entry of summary judgment for Sunmaster and Hartford.

---

1. Appellants erroneously referred to the Procurement Code in their brief. As our discussion reveals, the Board of Education Procurement Rule properly governs school district construction projects. Therefore, references in appellants' argument to the Procurement Code have been corrected to refer to the appropriate Procurement Rule.

## I.

Sunmaster was the general contractor on a construction project for the Deer Valley Unified School District. Sunmaster posted a payment bond through its surety, Hartford, to insure payment to materialmen who supplied labor and materials for the project.

Turf provided materials to a subcontractor, Dewitt General Contracting, Inc. ("Dewitt"), for use in landscaping the construction project. Dewitt performed the landscaping and installed all of these materials on the project on June 20, 1988. Dewitt failed to pay Turf, and Turf looked to Sunmaster's payment bond for satisfaction of the debt. Turf had sent both a twenty-day and a ninety-day notice of its claim rights to Sunmaster by certified mail.

For reasons unexplained by the parties to this action, the payment bond provided by Hartford referred to Title 34, Chapter 2, Article 2 of the Arizona Revised Statutes which contains Arizona's Little Miller Act bond provisions. Ariz.Rev.Stat.Ann. ("A.R.S.") §§ 34–222 and 34–223.[2] The Little Miller Act applies to construction projects of "any county, city or town, or officer, board or commission thereof, and irrigation, power, electrical, drainage and flood control districts, tax levying public improvements districts, and county or city improvement districts...." A.R.S. § 34–222(A). The Act requires a general contractor to post a payment bond. A.R.S. § 34–222(A)(1).

Sunmaster's construction contract, however, was with a school district, and school districts are political subdivisions of the state. See A.R.S. § 15–101(14). Although the Little Miller Act originally applied to state construction projects, when the legislature enacted the Arizona Procurement Code, the Procurement Code replaced the Little Miller Act for these state projects. See 1984 Ariz.Sess.Laws, Ch. 251, § 2 at 942 and § 17 at 964.

The Procurement Code in A.R.S. section 41–2501(B) provides in part, "[t]his chapter applies to every expenditure of public monies ... by this state, acting through a state governmental unit ... under any contract." The Procurement Code requires payment bonds "for the protection of all persons supplying labor and material to the contractor or its subcontractors for the performance of the work provided for in the [construction] contract." A.R.S. § 41–2574(A)(2).[3] Section 41–2574(D) of the Code provides for both a twenty-day and a ninety-day notice of claim in order for a materialman to recover against the general contractor's payment bond.

Section 41–2501(C) of the Procurement Code provides that political subdivisions of the state, including school districts, may adopt all or any part of the Procurement Code provisions. Another statute directs the State Board of Education to adopt rules governing procurement practices for school districts that are consistent with the practices set out in the Procurement Code, Title 42, Chapter 23. A.R.S. § 15–213(A)(1).[4]

The Arizona Board of Education has followed this mandate and adopted rules and regulations requiring general contractors to supply payment bonds on construction projects for school districts. A.C.R.R. R7–2–1111. More specifically, Rule 7–2–1112(D) (the "Procurement Rule") describes the payment bond notice requirements in language identical to that found

---

**2.** The legislature amended both of these sections in June, 1992. 1992 Arizona Sess.Laws, Ch. 227. We confine our analysis to the law in effect in 1988, the time at which the events in dispute took place.

**3.** The legislature amended this section in June 1992, and now provides that the conditions and provisions of a payment bond required in a school district procurement project must comply with the form required by the Little Miller Act in A.R.S. section 34–222. 1991 Arizona Sess. Laws, Ch. 227.

**4.** A.R.S. § 15–213(A) provides in part:

The state board of education shall adopt rules prescribing procurement practices for all school districts in this state as follows:
1. The state board shall submit to the auditor general proposed rules consistent with the procurement practices prescribed in title 41, chapter 23, ... for all construction which exceeds fifteen thousand dollars in total cost....

in A.R.S. section 41–2574(D) of the Procurement Code. Subsection D of the Rule states:

[A]ny person who has a contract with a subcontractor of the contractor, but no express or implied contract with the contractor furnishing the payment bond, has a right of action on the payment bond on giving the contractor, only, a written preliminary twenty-day notice as provided for in A.R.S. § 33–992.01, Subsection (C), ... and upon giving written notice to the contractor within ninety days from the date on which the last of the labor was performed or material was supplied by the person for whom the claim is made....

Thus, although the Procurement Code and the Procurement Rule are identical, Rule 7–2–1111 clearly applies here and required Sunmaster, as a contractor for a public school construction project, to provide a payment bond. The Procurement Rule also provides that in order for Turf to claim against the payment bond, it must give "written notice to the contractor within 90 days from the date on which the last of the labor was performed or material was supplied." The notices must "be personally served or sent by registered mail." A.C.C.R. R7–2–1112(D).

Sunmaster objects to Turf's notices on two grounds. Sunmaster argues that it did not receive the notices within the time periods prescribed by either the Procurement Rule or the Little Miller Act. Turf's preliminary twenty-day notice apparently did not arrive until 103 days had passed from the date Turf supplied the materials. Turf cannot refute this argument because it failed to request a return receipt which could have established by independent evidence the date of Sunmaster's receipt of the twenty-day notice. Furthermore, the date on the return receipt for the ninety-day notice reveals that Sunmaster received that notice on the ninety-first day after Turf supplied the landscaping materials to the construction site.

Sunmaster's second objection to the notices is that Turf failed to serve the notices by the proper method. Sunmaster argues

that the Procurement Rule, which provides that notice of a claim shall be given by personal service or registered mail, properly governs the payment bond. Thus, Sunmaster and Hartford contend that the trial court erred when it found Turf complied with the notice provisions of the Little Miller Act and found Turf's notice by certified mail sufficient.

In its minute entry, the trial court stated:

Even though Hartford's bond may have been required by the Arizona Procurement Code, the bond that Hartford provided stated that all rights and remedies on the bond shall be determined in accordance with the provisions, conditions and limitations of Arizona's Little Miller Act. After so stating, it would be inappropriate to allow Defendants Hartford and [Sunmaster] to now require some technically different form of mailing.

In reviewing the denial of Sunmaster and Hartford's motions for summary judgment, no disputed issues of material fact exist. Therefore, we determine only whether the trial court correctly applied the law to the facts. *Long v. Buckley*, 129 Ariz. 141, 142, 629 P.2d 557, 558 (App.1981).

## II.

■ Sunmaster argues that the bond's reference to the Little Miller Act is simply conditional; that is, if the Little Miller Act required the bond, the parties' rights and remedies would be controlled by that statute. Thus, Sunmaster argues, because the Little Miller Act no longer requires the bond on school district construction projects, no conflict exists between the language of the bond and the applicable law. We find, however, no conditional language in the bond. The bond clearly recites that Sunmaster required the bond in order to comply with the Little Miller Act and that all rights and remedies on the bond would be determined in accordance with the Little Miller Act. Thus, the issue is squarely presented whether the Little Miller Act applies in this case.

■ We hold that because the construction project was for a school district, neither the Little Miller Act nor the Procurement Code applies. Rather, the notice provisions in Rule 7–2–1111 (the "Procurement Rule") of the Arizona Board of Education apply to Sunmaster's payment bond. Although the Procurement Rule is an administrative regulation, it "has the same effect and force as a law." *Goodman v. Superior Ct. In and For Maricopa*, 136 Ariz. 201, 203, 665 P.2d 83, 85 (1983).

Furthermore, we reject Turf's argument that even if the Little Miller Act does not apply, Turf substantially complied with the notice provisions in the Procurement Rule and thus is entitled to relief. On the contrary, we conclude that because the purpose of the ninety-day claim period is to relieve the general contractor of liability for a materialman's claim filed after ninety days, a claim received by the contractor on the ninety-first day does not substantially comply with the Procurement Rule.

Turf nevertheless urges us to affirm the trial court. First, it argues that because the bond itself refers to the Little Miller Act, and Turf sent notice by a method authorized by the Act, Turf is entitled to claim against the payment bond. Turf, however, could not have relied on the reference to the Little Miller Act in Sunmaster's bond when Turf sent the notices by certified mail. Sunmaster points out that Turf had not seen the bond or the reference to the Little Miller Act until *after* it sent the claim notices.

Next, Turf argues that the language of the bond that states the Little Miller Act controls all rights and remedies, supersedes the Procurement Rule. We disagree. Our courts have repeatedly held that the terms of the statute rather than the wording of the instrument measure the liability on statutory bonds, that we will treat as surplusage any additions to such bonds, and that we will read into the bond any omitted statutory provision. *See, e.g., Royal Indemnity Co. of New York v. Business Factors, Inc.*, 96 Ariz. 165, 167, 393 P.2d 261, 262 (1964); *Porter v. Eyer*, 80 Ariz. 169, 172, 294 P.2d 661, 663 (1956); *Commercial Standard Ins. Co. v. West*, 74 Ariz. 359, 361, 249 P.2d 830, 831 (1952). We conclude that the Procurement Rule, and not the Little Miller Act, controls the rights and remedies under the bond.

■ We also conclude that the notice requirements in the Procurement Rule are a condition precedent to the right to sue on the bond. We reach this conclusion because one who seeks to enforce a right that did not exist at common law must do so in accordance with the provisions of the statute creating the right. *Greaig v. Park West Constr. Co.*, 130 Ariz. 576, 579, 637 P.2d 1079, 1082 (App.1981). Here, Turf clearly did not send notice by registered mail or make personal service of the notice as required by the Procurement Rule.

■ In response, Turf argues that we should liberally construe the Procurement Rule, like both the Little Miller Act and its federal counterpart. It argues that the certified mailing of the twenty-day and ninety-day notices constitutes substantial compliance with the notice requirements of the Procurement Rule and should be sufficient. This argument is not persuasive.

Arizona cases construing the statutes enacted to protect a materialman's claim, such as the Little Miller Act and the Federal Miller Act, have held that the statutes are to be liberally construed in favor of the materialman. *Columbia Group Inc. v. Jackson*, 151 Ariz. 76, 79, 725 P.2d 1110, 1103 (1986); *Coast to Coast Mfg. v. Carnes Constr., Inc.*, 145 Ariz. 112, 113, 700 P.2d 499, 500 (App.1985). Such liberal construction, however, must give way to express limitations imposed by the legislature. *Greaig*, 130 Ariz. at 580, 637 P.2d at 1083. Thus, even in a Little Miller Act case, the court has held that both written notice and its timely filing are conditions precedent to a claimant's right to recover on the bond. *Id.*

■ Similarly, substantial compliance with a statute prescribing a remedy is sufficient only if such compliance is not inconsistent with the legislative purpose of the statute. *Northwest Fed. Sav. & Loan v. Tiffany Constr. Co.*, 158 Ariz. 100, 102, 761

P.2d 174, 176 (App.1988). In keeping with this principle, we have previously held that the Little Miller Act's notice provisions are "designed *to relieve a prime contractor of liability* to sub-subcontractors or materialmen (who have no contractual relation to the prime contractor) *after ninety days* so that the prime contractor may safely pay his subcontractor without the fear of being subject to 'double payments' to sub-subcontractors." *Coast to Coast Mfg.*, 145 Ariz. at 113, 700 P.2d at 500 (emphasis supplied). *Accord United States v. J.F. White Contracting Co.*, 649 F.2d 29, 32 (1st Cir.1981) (interpreting the ninety-day notice provisions found in the Miller Act, 40 U.S.C. § 270(b)).

Nevertheless, Turf argues that the date of mailing of the notices is critical to their validity, and that if the general contractor actually receives notice of the claim, the method of service used by the subcontractor is irrelevant. We acknowledge that the Arizona Supreme Court has validated a materialman's claim even though the materialman had not sent notice by the prescribed registered or certified mail. *Western Asbestos Co. v. TGK Constr. Co., Inc.*, 121 Ariz. 388, 390, 590 P.2d 927, 929 (1979). The court quoted with approval from *Fleisher Eng'g & Constr. Co. v. United States*, 311 U.S. 15, 19, 61 S.Ct. 81, 83, 85 L.Ed. 12 (1940), where the Supreme Court held that a statutory registered mail provision

> was to assure receipt of the notice, not to make the described method mandatory so as to deny right of suit when the required written notice within the specified time had actually been given and received. In the face of such receipt, the reason for a particular mode of service fails. It is not reasonable to suppose that Congress intended to insist upon an idle form. Rather, we think that Congress intended to provide a method which would afford sufficient proof of

service when receipt of the required written notice was not shown.

121 Ariz. at 390, 590 P.2d at 929.

The contractor in *Western Asbestos*, however, received written notice *within the statutory period.* In contrast to both *Western Asbestos* and *Fleisher*, Turf cannot show that Sunmaster received either of the notices Turf sent within the statutory period. Because Turf cannot show that Sunmaster received the notices within the statutory time periods, it is not entitled to the benefit of the principle announced in *Western Asbestos*.

In addition, Turf argues that we should read into the Little Miller Act the so-called "mail box" rule contained in the mechanic's lien law that provides service of the twenty-day notice is complete when deposited in the mail. *Compare* A.R.S. § 33–992.01(G) with § 34–223(A). This argument is not persuasive for several reasons. First, the Little Miller Act does not apply to this payment bond. Even if it did, the Little Miller Act incorporates the *form* of notice set out in the materialman's lien statute, A.R.S. section 33–992.01(C).[5] The legislature, however, by clearly expressing in the Little Miller Act which of the provisions of the mechanic's lien law are applicable to a twenty-day notice required for a Little Miller Act bond,[6] has excluded those provisions not mentioned, including the mail box rule in A.R.S. section 33–992.01(G). *See Roller Village v. Superior Court*, 154 Ariz. 195, 199, 741 P.2d 328, 332 (App.1987) (The expression of one or more items in a class in a statute indicates an intent to exclude items of the same class which are not expressed.).

Furthermore, this court has never read into the Little Miller Act a mail box rule. The Act provides that a materialman's notices shall be served by "registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or at his residence." A.R.S. § 34–

---

5. Section 34–223 provides that the preliminary twenty-day notice must be in the form prescribed by A.R.S. § 33–992.01(C), paragraphs 1, 2, 3 and 4 and §§ (D), (E), and (I) of the mechanic's lien law.

6. A.R.S. § 33–992.01(C), paragraphs 1, 2, 3, 4, and §§ (D), (E) and (I).

223(A). We have held in other cases that timely filing of a written claim with the contractor *before* the expiration of ninety days is a condition precedent to recovery under a Little Miller Act bond. *Coast to Coast Mfg.*, 145 Ariz. at 113, 700 P.2d at 500; *Greaig*, 130 Ariz. at 579, 637 P.2d at 1082; *see also Western Asbestos*, 121 Ariz. at 390, 590 P.2d at 929.

Second, A.R.S. section 33–992.01(G) of the mechanic's lien law applies only to the preliminary twenty-day notice, and not the ninety-day notice required by the Little Miller Act. Thus, even if the mechanic's lien statute had excused Turf from giving the twenty-day notice within twenty days, that statute does not excuse Turf from giving the ninety-day notice to Sunmaster within ninety days of the date the materials were furnished. *Coast to Coast Mfg.*, 145 Ariz. at 113, 700 P.2d at 500; *Greaig*, 130 Ariz. at 580, 637 P.2d at 1083.

Although it is the Procurement Rule and not the Little Miller Act that applies here, the result is the same. The Procurement Rule, like the Little Miller Act, contains an express period within which the material-man must provide notice. We cannot ignore the clear and unambiguous language of the Procurement Rule nor can we disregard the plain limitations on liability which the Arizona Board of Education has adopted. Permitting Turf to send a notice on the ninetieth day, knowing that Sunmaster would not receive the notice until after the ninety-day deadline, will not serve the legislative purpose of relieving the general contractor of liability to a materialman after the ninety-day period expires. *Coast to Coast Mfg.*, 145 Ariz. at 113, 700 P.2d at 500.

■ Nevertheless, Turf argues that Sunmaster and Hartford waived the defense that Turf failed to comply with the notice requirements of the Procurement Rule by not raising it before they filed a second motion for summary judgment. We find no merit in this argument. Sunmaster and Hartford's first motion for summary judgment complained that Turf had not complied with the notice requirements of the Little Miller Act. After the trial court

denied the motion, Sunmaster and Hartford filed a second motion for summary judgment on the ground that Turf had not complied with the Procurement Rule notice provisions.

■ Turf cites no authority holding that parties must include, in one motion, every ground to secure summary judgment. In their answer, Sunmaster and Hartford raise as an affirmative defense Turf's failure to timely serve proper notice by registered mail. Moreover, a party may raise an affirmative defense in a motion for summary judgment even if the party did not plead that defense. *Reidy v. Blackwell*, 140 Ariz. 333, 335, 681 P.2d 916, 918 (App. 1984); *Continental Bank v. WA–HO Truck Brokerage*, 122 Ariz. 414, 417–18, 595 P.2d 206, 290–10 (App.1979). We find no waiver by Sunmaster.

### III.

■ By our holding in this case, Turf is no longer the prevailing party below and thus is not entitled to attorney's fees. In their reply brief, by motion, and at oral argument, Sunmaster requested an award of attorney's fees on appeal if such fees were appropriate. This case, however, did not "arise out of contract" within the meaning of A.R.S. section 12–341.01. *S.K. Drywall v. Developer's Fin.*, 165 Ariz. 588, 799 P.2d 1362 (App.1990), *vacated in part*, 169 Ariz. 345, 819 P.2d 931 (1991); *Cashway Concrete & Materials v. Sanner Contracting Co.*, 158 Ariz. 81, 761 P.2d 155 (App.1988).

When a party seeks to enforce a statutory remedy, both *S.K. Drywall* and *Cashway* hold that it does not "arise out of contract" pursuant to A.R.S. section 12–341.01. *S.K. Drywall*, 165 Ariz. at 600–01, 799 P.2d at 1374–75 (foreclosure of a mechanic's lien); *Cashway*, 158 Ariz. at 83, 761 P.2d at 157 (foreclosure of a materialman's lien). Here, Turf is seeking a statutory remedy, and therefore the action does not arise out of contract. The language of the bond is irrelevant. Further, neither the Procurement Code nor the Procurement Rule authorize attorney's fees for the pre-

vailing party in a suit on a payment bond. We conclude that no award of attorney's fees is available.

For the reasons explained above, we reverse the judgment against Sunmaster and Hartford and the award of attorney's fees made against them. We remand this matter to the trial court for entry of judgment in favor of Sunmaster and Hartford.

EHRLICH, P.J., and GARBARINO, J., concur.