414 P.2d 754

RAY SCOTTSDALE LUMBER CO., an Arizona corporation, Appellant,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHOENIX, a corporation, Appellee.

No. I CA–CIV 168.

Court of Appeals of Arizona.

May 24, 1966.

Engdahl, Jerman, Butler & Estep, by Dean Estep, Phoenix, for appellant.

McKesson, Renaud, Cook & Miller, by J. Gordon Cook, Phoenix, for appellee.

STEVENS, Chief Judge.

The matter before the Court relates to a judgment of foreclosure entered after the granting of a motion for summary judgment. The plaintiff was successful in the Superior Court and is the appellee in this Court. The plaintiff sued to foreclose its mortgage joining numerous parties defendant including the Nevar Development Company, Inc., a corporation; the Arizona Title Insurance and Trust Company, a corporation; the Security Builders, Inc., a corporation and numerous lien claimants including the appellant, Ray Scottsdale Lumber Co., a corporation. The judgment which is the subject of this appeal relates to the appellant and three other lien claimants and was entered with reference to these parties, being less than all of the defendants, pursuant to the authority of the amended Rule 54(b) of the Rules of Civil Procedure (16 A.R.S.).

The formal written judgment contains among others, the following recitations:

"* * * and the appearing parties having submitted affidavits in support of their various motions and depositions being on file herein wherein the interested parties or officers of the interested parties were deposed as to the material facts in support of their respective positions, and the court being fully advised in the premises of the facts herein,

The court finds that based upon the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits herein that there is no genuine issue as to any material fact relating to the claim of the plaintiff and that the plaintiff is entitled to judgment as a matter of law * * *.

Court further finds that all moneys due and owing to Ray Scottsdale Lumber Co. and claimed under its lien which is the basis of its counterclaim and cross-com-

plaint have been paid by the defendant Nevar Development Co., Inc., and that by reason of the foregoing the court does hereby find that the lien of the plaintiff is superior to the liens and claims of the defendants * * * Ray Scottsdale Lumber Co., * * * and finds that the lien of the plaintiff is a superior and prior lien as to such defendants and became a lien as of December 31, 1962, * * *."

■ The designation of contents of record on appeal makes no reference to "answers to interrogatories" or to documents which might be classified as "admissions on file" or to "depositions" save and except the 10th designation which is the deposition of K. J. Stedelin. The original of the said designation bears a marginal notation placed thereon prior to the time the same was forwarded to this Court which reads "None Filed". There is no supplemental designation of record on appeal. In the argument of the case reference was made to matters which are not before this Court and in determining this case we are confined to the record presented to us. Davis v. Tavasci, 1 Ariz.App. 380, 403 P.2d 315 (1965).

■ In determining whether or not the trial court erred in granting the plaintiff's motion for summary judgment, we examined the record to see whether or not "there is no genuine issue as to any material fact". Rule 56(c) as amended. In this case, the record is construed most strongly in favor of the party against whom summary judgment was rendered. Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27 (1963).

Security Builders as a contractor undertook to make improvements on the property in question and Ray Scottsdale furnished materials in connection with the construction during the months of October, November and December 1962. A promissory note and its supporting mortgage were executed on the 28th day of December 1962, and the mortgage was recorded on the 31st day of December 1962. Ray Scottsdale furnished to Security in connection with this construction, materials of the reasonable value of $16,837.04.

After the recordation of the mortgage, Nevar Development Company, Inc., the owner of the property, undertook to complete the improvements and appointed Robert Holloway " * * * as its agent to complete the construction of the project in accordance with the plans and specifications * * *". There is no showing that this document was a matter of general knowledge except that there was filed with Arizona Title in connection with the trust, pursuant to which mortgage monies are disbursed, a letter from Nevar which stated:

"This letter shall verify that Robert Holloway is the sole and exclusive management agent for Nevar Development Company, Inc. for the construction of the Bethany Manor Apartments."

In oral argument it was urged that the Holloway authority was a limited authority and that he had no authority to approve the payment of bills which had been incurred during the period of the construction by Security Builders. Such limitation does not appear in the record before us. The affidavit of Mr. Briggs on behalf of Arizona Title discloses that he made disbursements of mortgage money after the Holloway appointment. The Stedelin affidavit as a portion of Ray Scottsdale notice and claim of lien, disclosed that there was an unpaid balance in the principal sum of $1,760.18 due Ray Scottsdale in connection with the reasonable value of materials furnished and used in the construction. The notice and claim of lien appears regular on its face. It recites that the materials were furnished to Nevar during the months of March and April 1963, under Nevar's oral contract.

The Stedelin affidavit in opposition to the motion for summary judgment states that the unpaid balance for the materials furnished on behalf of Security was transferred to the Nevar account and that invoices for the same were submitted to Holloway for approval. In due course of time a sum of money equal to the amount of

369

said invoices was received from Arizona Title. That as of the date of the receipt of the money from Arizona Title, Ray Scottsdale had been paid through the month of February for all materials used in connection with the job in question including those items which had been transferred from the Security account to the Nevar account.

Based upon the record before us, there appears to be a "genuine issue as to * * * material fact" in relation to whether or not all money which is due to Ray Scottsdale in relation to materials furnished by Ray Scottsdale to Nevar had been paid, thereby leaving an unpaid balance due in relation to materials furnished by Ray Scottsdale to Security before Nevar took over. The judgment is reversed insofar as it relates to the lien on Ray Scottsdale Lumber Co.

DONOFRIO, Judge, and ROBERT O. ROYLSTON, Superior Court Judge, concur.

NOTE: Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Judge ROBERT O. ROYLSTON was called to sit in his stead and participate in the determination of this cause.