826 P.2d 1224

**WESTBURNE SUPPLY, INC.,**
**a Delaware corporation,**
**Plaintiff–Appellant,**

v.

**DIVERSIFIED DESIGN AND CONSTRUCTION, INC., an Arizona corporation, Defendant–Appellee.**

**No. 1 CA–CV 90–326.**

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 13, 1992.

Dioguardi, Poli & Ball, Ltd. by Michael N. Poli, N. Mark Kramoltz, Phoenix, for plaintiff-appellant.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by James M. Sakrison, Tucson, for defendant-appellee.

Snell & Wilmer by Jarril F. Kaplan, E. Jeffrey Walsh, Wendy S. Bouma, Phoenix, for Associated General Contractors of America—Arizona Building Chapter, amicus curiae.

## OPINION

GERBER, Judge.

This appeal by the plaintiff Westburne Supply, Inc. (Westburne) from summary judgment granted in favor of the defendants Diversified Design and Construction, Inc. (Diversified) and its surety, Safeco Insurance Company of America (Safeco) involves an interpretation of Arizona's "Little Miller Act," Ariz.Rev.Stat.Ann. ("A.R.S.") § 34–221—§ 34–226. The act, as amended in 1984, requires a subcontractor to provide an initial estimate of costs within twenty days of commencing to supply labor and materials along with a notice of any remaining unpaid balance within ninety days of completion.

The sole issues raised on appeal are (1) whether a claimant is required to file an additional notice if the amount of labor or materials furnished exceeds by twenty per cent or more the amount estimated in the initial preliminary twenty day notice, and (2) whether, in the absence of such notice, recovery on the bond claim is limited to the amount initially estimated plus twenty per cent.

## FACTS AND PROCEDURAL HISTORY

The material facts are undisputed. Diversified was the general contractor on a construction project for the University of Arizona. Because this was a public construction project, Diversified had to provide a payment bond for the protection of claimants supplying labor or materials pursuant to A.R.S. § 34–222(A)(2). Safeco issued the required bond in the sum of $1,621,600.00.

Diversified subcontracted with Strong Mechanical Group, Inc. (Strong) for a portion of the materials and services. Strong contracted with Westburne to supply some of the construction materials.

Westburne properly served a preliminary twenty day notice to Diversified as required by A.R.S. § 34–223(A). The notice estimated that the cost of the materials supplied would be $1,500.

Notwithstanding this estimate, Westburne actually supplied materials to the project valued at $28,998.82. Strong made no payments to Westburne and did not complete its subcontract work. It was subsequently terminated from the project.

Pursuant to the notice requirements of A.R.S. § 34–223(A), Westburne sent Diversified a final written notice within ninety days from the last date it furnished supplies, claiming their value at $28,998.82. Beyond this notice and its initial notice with the $1,500 estimate, Westburne did not provide any other estimate of the cost of the additional materials it supplied.

Westburne filed suit to recover the full amount of its claim against the bond. Diversified took the position that Westburne could recover no more than $1,800, the amount twenty per cent more than the amount Westburne estimated in the preliminary $1,500 notice. The parties filed cross motions for summary judgment. The motions in effect asked whether, under the provisions of A.R.S. § 34–223(A), a supplier was required to file an additional supplemental notice in order to recover more than twenty per cent beyond the amount estimated in the original notice. The parties stipulated that the total amount Westburne would be entitled to receive if the court found in its favor was $21,000; they also stipulated, conversely, that if the court found against Westburne, its recovery would be limited to $1,800.

The trial court found that, under the statute, once the amount claimed exceeded by twenty per cent or more the amount estimated in the original notice, filing of a supplemental notice was necessary. It entered judgment for Westburne in the amount of $1,799.99 as Westburne's total recovery from the payment bond. This sum consisted of the original $1,500 estimated plus an amount less than twenty per cent of the original estimate. We agree with the trial court's decision for the reasons set forth below.

## DISCUSSION

In order to maintain an action on the payment bond, a claimant must comply with the notice requirements of A.R.S. § 34–223(A). When that statute was originally enacted, the only notice required was "written notice to [the] contractor within ninety days from the date on which said claimant performed the last of the labor or furnished or supplied the last of the material for which such claim is made...." 1969 *Ariz.Sess.Laws*, Ch. 52, § 11. In 1984, A.R.S. § 34–223(A) was amended to incorporate by reference various subsections of A.R.S. § 33–992.01 (the mechanics' liens law). The legislature also added the requirement that a claimant provide a written preliminary estimate within twenty days of furnishing supplies. 1984 *Ariz.Sess.Laws*, Ch. 242, § 1. The amended portion of § 34–223(A) reads as follows:

[A]ny such claimant having a direct contractual relationship with a subcontractor of the contractor furnishing such payment bond but no contractual relationship express or implied with such contractor shall have a right of action upon such payment bond upon giving the contractor only a written preliminary twenty day notice, as provided for in § 33–992.01, subsection C, paragraphs 1, 2, 3 and 4 and subsections D, E and I, and upon giving written notice to such contractor within ninety days from the date on which such claimant performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied [sic] for whom the labor was done or performed.

A twenty day preliminary estimate and a ninety day final notice are both required under this version of the statute. The act cannot be read so as to allow either of these notices to substitute for any other.

In 1983, the legislature amended A.R.S. § 33–992.01 to impose a standard of accuracy on the preliminary notice. Amended subsection (I) provided in relevant part that a preliminary twenty day notice is not defective if additional "labor, professional services, materials, machinery, fixtures or tools ... exceed by less than twenty percent the estimated total price thereof." Subsection (I) of A.R.S. § 33–992.01 was incorporated into § 34–223(A). Subsection (H) of A.R.S. § 33–992.01 requires a further notice if additional materials supplied exceed "by twenty per cent or more the total price in any prior original or subsequent preliminary notice ..." However, subsection (H) was not incorporated by reference into amended § 34–223(A). There is a requirement in amended A.R.S. § 34–223(A) which calls for "substantial accuracy" in stating the amount claimed in the ninety day notice. There is no statutory language which would allow only one general notice to be accurate. We conclude that, given the incorporation of subsection (I) into § 34–223(A), a standard of twenty per cent was implicitly incorporated into the statute as the norm for substantial accuracy.

Westburne argues that the omission of subsection (H) from incorporation into § 34–223(A) manifests an intent that the twenty percent rule not apply in the public construction setting. We reject this contention because it would render subsection (I) meaningless. A cardinal rule of statutory interpretation is to give full effect to each statutory word or phrase so that no part is rendered void, superfluous, contradictory or insignificant. *Weitekamp v. Fireman's Fund Ins. Co.*, 147 Ariz. 274, 275, 709 P.2d 908, 909 (App.1985). What a statute necessarily implies is as much a part of the statute as what it makes explic-

it. *Hoyle v. Superior Court,* 161 Ariz. 224, 227, 778 P.2d 259, 262 (App.1989).

If the legislature had intended that the twenty per cent rule not apply to public construction, it would not have incorporated A.R.S. §§ 33–992.01(I) and (E)[1] into § 34–223(A). Subsection (I) implies that the notice is defective if additional supplies exceed the estimated price by twenty per cent or more. By its reference to the preliminary notice requirements of subsection (B), subsection (E) imposes the obligations of serving a "twenty day notice as prescribed by this section." A.R.S. § 34–223(B). All of the provisions of § 33–992.01 pertaining to the preliminary notice are thus brought to bear on § 34–223(A) by incorporation of subsection (E). Therefore, express reference to the twenty per cent rule is unnecessary.

The legislature may not have incorporated subsection (H) into § 34–223(A) for considerations of clarity. Incorporation of (H) would have led to confusion since (H) contains language not applicable to the public construction setting. Section 34–223(A) requires that a claimant send notice only to the contractor who supplied the payment bond. By contrast, a lien claimant under the mechanics' liens statute must send all notices not only to the original contractor but also to the owner of the property and to the construction lender. The subsections of § 33–992.01 which the legislature chose not to incorporate into § 34–223(A), including subsection (H), contain language concerning notice to the owner and construction lender which, if adopted, could have caused inconsistency or confusion in the public construction setting.

Westburne cites cases which hold that the "Little Miller Act" must be liberally construed so as to effectuate its intent to protect those who furnish labor or materials in the construction setting. *E.g., West-*

*ern Asbestos Company v. TGK Construction Co., Inc.,* 121 Ariz. 388, 391, 590 P.2d 927, 930 (1979). Construing the statute as not requiring the twenty per cent rule, however, would do violence to the rules of statutory construction previously mentioned.

Westburne also argues that since no preliminary notice estimating the amount of material to be supplied is required under the federal Miller Act,[2] such notice should not be required under Arizona's "Little Miller Act." The Arizona legislature, however, clearly chose to differ from the federal Miller Act by expressly requiring preliminary notice.

Westburne finally argues that the burden should be on the contractor to investigate the amount owed after identifying the supplier. Although the legislature could have chosen to take this approach, it did not do so. It is well-settled that "we cannot legislate ... [o]ur province is to construe the law as written ..." *Reinchenberger v. Salt River Project,* 61 Ariz. 465, 471, 150 P.2d 758, 760 (1944).

## CONCLUSION

We hold that under A.R.S. § 34–223(A) a claimant is required to file an additional supplemental notice if the amount of labor or material furnished exceeds the amount estimated in the previously filed notice by twenty per cent or more. If a supplier does not file such notice, recovery on its bond claim is limited to the amount estimated in his initial preliminary notice plus an amount less than twenty per cent. The summary judgment is therefore affirmed.

TAYLOR and McGREGOR, JJ., concur.

---

1. Subsection (E) of § 33–992.01 which has been incorporated by reference into § 34–223(A), provides:

 E. If labor, professional services, materials, machinery, fixtures or tools are furnished to a jobsite by a person who elects not to give a preliminary twenty day notice as provided in subsection B, such person is not precluded from giving a preliminary twenty day notice not later than twenty days after furnishing other labor,

professional services, materials, machinery, fixtures or tools to the same jobsite. Such person, however, is entitled to claim a lien only for such labor, professional services, materials, machinery, fixtures or tools furnished within twenty days prior to the service of such notice and at any time thereafter.

2. 40 U.S.C. § 270b.