NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THIRUSELVAM SHOSUN SHONI, *Plaintiff/Appellant*,

*v.*

CARLA C. HANSEN, *Defendant/Appellee*.

No. 1 CA-CV 19-0550
FILED 7-28-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-011940
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Thiruselvam Shosun Shoni Sakthiveil, Phoenix
*Plaintiff/Appellant*

Elardo, Bragg, Rossi & Palumbo, P.C., Phoenix
By John A. Elardo, Jarin K. Giesler, Alexis N. Tinucci, &
 Michael E. Palumbo
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

_____

**P E R K I N S**, Judge:

¶1          Thiruselvam Shoni appeals the trial court's grant of summary judgment to Carla Hansen on Shoni's claims for negligence and trespass. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          When reviewing a grant of summary judgment, we view the facts in the light most favorable to the non-moving party. *State Comp. Fund v. Yellow Cab Co. of Phoenix*, 197 Ariz. 120, 122, ¶ 5 (App. 1999).

¶3          On September 8, 2014, at about 4:00 a.m., a significant rainstorm caused by the remnants of Hurricane Norbert struck Maricopa County, causing historic levels of rain and flooding. Shoni slept as his home flooded with about two feet of water. That morning, Shoni photographed the damage and his neighbor's block wall and metal gate, which he suspected caused the flooding. The metal gate, which extended over a wash on Hansen's property, had three hinged metal flaps at the bottom. These flaps had space between them and did not reach the bottom of the wash.

¶4          Shoni sued Hansen in August 2016, alleging that her construction of the mason wall and gate was negligent and caused a trespass because the metal flaps diverted the flood water onto his property. He later alleged that the purportedly shoddy construction of the wall led to a sinkhole, causing more flooding on his property. Between 2017 and 2018, Shoni disclosed two types of evidence. The first was a series of photographs dated September 22, 2014, showing damage to the interior of his home. The second was his own affidavit, in which he asserted:

> I found out from observing and speaking with others that the cause of the flooding was from a wash that ran along Defendant's property. I found out from personal observation that Defendant had deliberately diverted the water by placing metal plates on the bottom of the fence so that water would not flow into the wash and as a result, the water flooded my

property. . . . [Hansen] intentionally diverted the water as you can see from the photos.

He also asserted that the photographs attached to the affidavit demonstrated "how the water was diverted and the changes she made."

¶5          Hansen disclosed an expert opinion by an engineering consultancy, and various photographs of the wash. The consultancy concluded that "[i]t is not likely that a reasonable property owner could have foreseen or avoided the failure sequence that led to the flooding of Shoni's property." The engineers noted in their experience that the metal flaps "are not an uncommon device to stop animal movement under the grate [of a metal fence]" and that schools commonly use "even more obstructive devices" to protect children.

¶6          In August 2018, Hansen filed a motion for summary judgment. Hansen argued that Shoni presented no evidence to prove his negligence claim. As to trespass, Hansen argued Shoni failed to provide evidence that Hansen had "intentionally altered the flow of water onto Shoni's property."

¶7          Shoni argued that his affidavit and photographs were enough to create a triable issue of material fact.

¶8          The trial court disagreed and granted summary judgment to Hansen. The court held that Shoni provided no foundation for the allegations in his affidavit. The court noted that, while he claimed personal knowledge of the cause of the flood, he "nowhere . . . identif[ied] what he purportedly 'observed,' or why this observation enabled him to draw conclusions about the cause of the flooding." Ultimately, the court characterized Shoni's affidavit as "conclusory and self-serving," (quoting *Cemex Constr. Materials S., LLC v. Falcone Bros. & Assocs., Inc.*, 237 Ariz. 236, 245 (App. 2015)). Finally, the court noted that the photographic evidence did not show how the metal flaps or sinkhole caused the flooding on Shoni's property.

¶9          After Hansen failed to timely file a proposed form of judgment, the court dismissed the case. Shoni timely appealed.

## DISCUSSION

¶10          We review a grant of summary judgment de novo. *Jackson v. Eagle KMC L.L.C.*, 245 Ariz. 544, 545, ¶ 7 (2019). A court must grant summary judgment if "the moving party shows that there is no genuine

dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Summary judgment is proper "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Deutsche Bank Nat'l Trust Co. v. Pheasant Grove LLC*, 245 Ariz. 325, 330, ¶ 15 (App. 2018) (quoting *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990)).

**¶11**　　When a party submits an affidavit in opposition to a party's motion for summary judgment, that affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Ariz. R. Civ. P. 56(e); *see also Hegel v. O'Malley Ins. Co.*, 122 Ariz. 52, 55 (1979). If an affiant asserts things outside the scope of their personal knowledge, a court must disregard the affidavit for summary judgment. *Cecil Lawter Real Estate Sch., Inc. v. Town & Country Shopping Ctr. Co.*, 143 Ariz. 527, 534 (App. 1984), *disapproved on other grounds by Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586 (1995).

**¶12**　　A plaintiff in a negligence action for property damage must prove that the defendant owed a duty to him, breached that duty, and the breach caused plaintiff to suffer damage. *Clark v. New Magma Irrigation & Drainage Dist.*, 208 Ariz. 246, 248, ¶ 8 (App. 2004). While causation is generally a question of fact reserved for the jury, summary judgment is proper if no reasonable juror could find that the defendant's breach caused the plaintiff's damages. *Harmon v. Szrama*, 102 Ariz. 343, 345 (1967). Causation cannot be left to a jury's mere speculation. *Salica v. Tucson Heart Hosp.-Carondelet, L.L.C.*, 224 Ariz. 414, 419, ¶ 7 (App. 2010).

**¶13**　　Shoni argues his affidavit and photographs provided enough evidence for a reasonable trier of fact to find that Hansen's wall and metal flaps caused the flooding of his home. He is mistaken. First, Shoni's photographs do not prove causation or show how flood waters were diverted onto his property.

**¶14**　　Second, his affidavit merely recites his unsupported conclusions with a vague reference to unidentified "others" who purportedly agree with him, which is insufficient to defeat summary judgment. *Maricopa Cty. v. Biaett*, 21 Ariz. App. 286, 290 (1974) ("[C]onclusions of ultimate facts and law do not satisfy the requirement that specific facts be set forth which show a genuine issue of material fact . . . .") As the trial court correctly noted, "although [Shoni] uses the word

'observing'. . . nowhere does he identify what he purportedly 'observ[ed]' or why this observation enabled him to draw conclusions about the cause of the flooding." Shoni's affidavit cannot defeat a motion for summary judgment.

¶15        The only material, admissible evidence in the record contradicts Shoni's self-serving, conclusory affidavit. Hansen retained an engineering expert who opined that Shoni's flooding was caused by the historic, unprecedented storm, and not by Hansen's wall or metal flaps.

¶16        Shoni, relying on *Schlecht v. Schiel*, asserts that an action for damages in trespass lies when a landowner deliberately increases the flow of water onto the property of another. 76 Ariz. 214, 217–18 (1953). At a minimum, however, the plaintiffs in *Schlecht* had evidence of causation, unlike Shoni. *Id.* at 219 (a witness testified that "he *watched* the [defendant's] wall *divert the water* into plaintiffs' premises" (emphasis added). Summary judgment is proper as to Shoni's negligence claim.

¶17        An action for trespass in this circumstance requires Shoni to prove that Hansen cast "naturally flowing water . . . on the real property of another 'who is under no duty or obligation to receive the same.'" *W. Maricopa Combine, Inc. v. Ariz. Dep't of Water Res.*, 200 Ariz. 400, 410, ¶ 47 (App. 2001) (quoting *Schlecht*, 76 Ariz. at 218). In other words, Shoni must show both that Hansen intentionally diverted the water and her conduct caused the water to flood his property. *Taft v. Ball, Ball & Brosamer, Inc.*, 169 Ariz. 173, 176 (App. 1991). But Shoni offered no evidence of Hansen's intent. And, as noted above, he also failed to offer evidence of causation. His mere conclusion that Hanson deliberately diverted the water and caused his damages cannot defeat summary judgment and he instead must proffer material, admissible evidence. *Cemex Constr.*, 237 Ariz. at 245, ¶ 38. Because Shoni has not provided evidence to oppose Hansen's motion, we affirm summary judgment on his trespass claim.

**CONCLUSION**

¶18        We affirm. As the prevailing party, Hansen may recover costs upon compliance with ARCAP 21.

